MICHIGAN CENT. R. CO. v. MAJKZRAK.

(Circuit Court of Appeals, Seventh Circuit. October 1, 1912.)

No. 1,841.

1. MASTER AND SERVANT (§ 278*)—INJURY TO SERVANT—NEGLIGENCE—EVIDENCE—ADMISSIBILITY.

Where, in an action for injuries to a carpenter employed to repair freight cars at railroad yards, received while operating a buzz saw, the main issue was whether the employer's foreman directed plaintiff to work on the saw, and both parties submitted the question whether other carpenters employed were on prior occasions ordered to operate the saw when its use was required, and neither party was limited as to the evidence on that point as bearing on plaintiff's statement that he was ordered to operate the saw, the admission in evidence, as a part of plaintiff's case, that other carpenters prior to the accident had been ordered by the foreman to operate the saw, was not erroneous, since, without regard to the order of proof, it was competent for plaintiff to contradict the testimony of the foreman and other workmen to the effect that the saw was only operated by skilled workmen detailed for that purpose.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954–972, 977; Dec. Dig. § 278.*]

2. MASTER AND SERVANT (§ 153*)—INJURY TO SERVANT—NEGLIGENCE—FAILURE TO INSTRUCT.

Where an employé directed by the employer's foreman to operate a buzz saw in good condition and full view possessed the experience of a person of ordinary intelligence after five years' service as carpenter in construction work in and about car repairing in railroad yards and knowledge to enable him to switch the saw into action, but without experience in operating the saw and without appreciating the danger of taking hold of a board which he was sawing after it began to jump up and down, nor the extent to which the saw teeth were invisible under the revolution of the saw, the employer's failure to advise the employé of the danger in the use of the saw was actionable negligence; a buzz saw being a dangerous device, and its working in contact with wood constituting an obscure danger.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 314–317; Dec. Dig. § 153.*]

In Error to the Circuit Court of the United States for the Eastern Division of the Northern District of Illinois; Kenesaw M. Landis, Judge.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Anton Majkzrak against the Michigan Central Railroad Company. There was a judgment for plaintiff, and defendant brings error. Affirmed.

Defendant in error, hereinafter denominated "plaintiff," was employed by plaintiff in error, hereinafter denominated "defendant," to perform carpenter work in repairing freight cars at the defendant's yard in Kensington, Ill. From the record it appears that at the time of the accident he was engaged in doing light repairing, putting in the sides and ends and roofing of cars, and doing whatever else in connection with car repairing was required. He had been in defendant's employ six days prior to the accident complained of. He had come to America from Austria five years previous to taking employment with defendant, and had been engaged in doing carpenter work during all that period. He was almost 26 years old when injured, and had never had any experience with power-driven ripsaws, although one was in use at his former place of employment. He testifies that he knew nothing about the operation of such a saw, and was not given any warning or instruction in regard thereto by defendant at any time prior to the injury. He further testifies that, on one occasion when he needed a piece of lumber which would fit the job he was doing, the piece was sawed for him by one of his fellow workmen; that on the fourth day of his employment he was chopping a piece of lumber with a hatchet when defendant's foreman, Reichert, told him it was no good, and said, "You have to come along to the ripping machine and get a groove in." He did not go to the saw, however, as the foreman sawed it and made the groove for him and brought it back to him in the car.

On November 28, 1908, he further testifies he worked as usual on the repairs. On the afternoon of that day he says the foreman came and showed him a place on a car that needed a 10-inch board. "I told him I didn't know how to cut wood, and he told me he has got lots of trouble with me. He told me to hurry up and go and saw it; that the machine is all right. The board was a soft board about 11 or 12 feet long, 12 inches wide, and ⅞ thick. It had to be cut to 10 inches wide in order to fit the work I was doing with that board. * * * He told me to rip a board of 10 inches, and I had already a piece of board cut to 5 inches, and he told me it was no good, and he told me to take that and go to the machine and cut it. 'The machine is good.' I told him I was afraid of the machine."

He further says: "I was pushing the board, and I got in about 10 inches and the board commenced to jump up and down and clinching back of the saw, and the board commenced to move back and forwards and I kind of moved to the side to hold it down on the table, and it made a certain jar and caught my hand." When asked how much of the board was gone through, he says, "About one foot was left." He further says he stood at the side of the saw table when his hand was caught; that he started the saw up; that all of his fingers were cut off from his right hand; and that nobody else was present.

On cross-examination he testifies that the board began to jump "when I began to get to the end, 10 or 11 inches. * * * I was holding it down so it wouldn't kill me."

He claims he did not know that if he got his hands close to and on the saw he would get hurt; that the saw went so fast that he just saw a gray color; the saw had teeth about 1½ inches long which pointed toward the operator; that it was about two feet in diameter, extending about eight inches above the table which was 9x3 feet in area and about 3 feet from the floor.

From the other evidence, as well as that of plaintiff, it appears that the saw table was clear from every obstruction except the upper 8 inches of the saw and the gauge, and that the saw was in plain view.

On the trial plaintiff was permitted to introduce the testimony of five witnesses over defendant's objection, who testified that Reichert, the defendant's foreman, had, on prior occasions, told them and a number of other carpenters to work on the said buzz saw from time to time when they wanted to get a piece of wood, to which ruling of the court defendant duly excepted.

At the close of plaintiff's evidence, defendant moved the court to instruct

the jury to find defendant "not guilty," which motion the court overruled. Thereupon defendant's said foreman testified that he never directed or asked plaintiff to use the saw, or that he should cut the board, or that the machine was good, or that he ever said anything to plaintiff about the saw or machine. Witness also swore that plaintiff never said he was afraid of the machine or anything about it; that he had never told any carpenters to use the buzz saw; that, on the contrary, none of them was allowed to use it at any time; that two men were assigned to that task; and that one Bernard had control of the saw.

Witness Tricker for defendant swears that he and one Vanderlog had charge of the saw, and is corroborated by Vanderlog and Derrick. At the close of defendant's evidence, plaintiff not having introduced any rebuttal evidence, defendant again moved the court to instruct the jury to find defendant not guilty in due form, which motion the court denied. Whereupon the cause was argued to the jury, the instruction given, and verdict rendered finding defendant guilty and assessing damages at the sum of $2,000. Motions for a new trial and in arrest were duly made and denied, and judgment entered upon the verdict, from which judgment the present writ of error was sued out.

The errors assigned are:

(1) That the court admitted the evidence of the five witnesses, and each of them, that they and other carpenters than plaintiff had from time to time, previous to the accident in question, been ordered and directed by defendant's foreman to work upon the buzz saw aforesaid, and had so worked.

(2) That the court overruled the several motions of defendant to instruct the jury to find the defendant not guilty.

Walter H. Jacobs and Ralph M. Shaw, both of Chicago, Ill. (John Barton Payne and Silas H. Strawn, both of Chicago, Ill., of counsel), for plaintiff in error.

J. S. Reynolds and C. J. Waring, both of Chicago, Ill., for defendant in error.

Before BAKER, SEAMAN, and KOHLSAAT, Circuit Judges.

KOHLSAAT, Circuit Judge (after stating the facts as above). [1] Both counsel agree that on the trial the main question in controversy was: "Did defendant's foreman order or direct the plaintiff to work upon this buzz saw?" Plaintiff, who had the burden of proof, testified that he was so directed, as above stated. In his prima facie evidence, plaintiff was allowed to introduce the testimony of the five witnesses as above set out, for the purpose of corroborating plaintiff's testimony.

In defense, defendant, among other evidence, introduced the testimony above referred to, controverting the statements of the five witnesses. What error might have been predicated upon the ruling of the court on that point, had defendant rested its case, so far as that ruling was concerned, upon its exceptions taken thereto, need not be here stated. The record taken as a whole, without regard to the sequence of the introduction of evidence, clearly shows a submission to the jury by both parties of the question whether other carpenters employed by defendant were on prior occasions ordered to operate the saw when its use was required. Neither party was limited as to the evidence upon that point as bearing upon plaintiff's statement that he was ordered to operate the saw and was not a volunteer. It was competent for plaintiff to controvert the testimony of the foreman and

other workmen to the effect that the saw was only operated by skilled men who were detailed for that purpose. We do not deem that assignment of error well founded.

[2] With regard to the matters comprehended in the second assignment, it appears from the record: (1) That the saw was in good order and full view; (2) that plaintiff was a man 26 years of age, fairly mature in judgment, and possessed of such experience as would come to an ordinarily intelligent man after five years' service as a carpenter engaged in construction work in and about car repairing; (3) that he had knowledge sufficient to enable him to switch the saw into action, but had had no experience in handling or operating such a saw; (4) that he was standing in a place of safety when the board which he was sawing began to jump up and down, and left it when he moved to the side of the saw frame in an attempt to steady it; and (5) that he did not appreciate the danger of taking hold of the jumping plank, nor the extent to which the saw teeth became invisible under the swift revolution of the saw.

All these facts the jury were at liberty to find from the evidence, as well as the alleged fact that plaintiff was ordered to work with the saw.

There is nothing in the record to show that defendant took any steps to advise plaintiff of the danger incurred in the use of the saw, nor does it appear that its use was one of the risks assumed by him, or that the danger was obvious as danger to his mind. It is a general rule of law that a master may not acquit himself of negligence without notifying an employé of the risks assumed in his performance of his duties, if they are not patent—especially if he be unskilled. Reed v. Stockmeyer, 74 Fed. 186, 20 C. C. A. 381; Felton v. Girardy, 104 Fed. 127, 43 C. C. A. 439: Mountain Copper Co. v. Pierce, 136 Fed. 150, 69 C. C. A. 148; Wright v. Stanley, 119 Fed. 330, 56 C. C. A. 234.

Even though he sees and knows the physical conditions, he may not understand them. There are a number of cases dealing with the operation of saws. They are held to be dangerous devices. Their working in contact with an object, as wood, is held to constitute an obscure danger in Hanson v. Ludlow Mfg. Co., 162 Mass. 187, 38 N. E. 363.

"The particular danger caused by the tendency of a board when warped to spring back is not, as a matter of law, obvious to an inexperienced servant." Wheeler v. Wason Mfg. Co., 135 Mass. 294.

In Chilson v. Lansing Wagon Works, 128 Mich. 43, 87 N. W. 79, it is said:

"It is for the jury to say whether a servant having no experience in the use of a saw of a peculiar construction, dangerous because pieces of timber were liable to become wedged between the saws and thus throw the operator's hand upon them, should have been instructed as to this peculiarity."

It was held in Nelson Mfg. Co. v. Stolzenburg, 59 Ill. App. 634, that a servant might not see the bluish circle made by the teeth of a rapidly revolving saw, and should have been warned. The danger of saws is further dealt with in Jarvis v. Coes Wrench Co., 177

Mass. 170, 58 N. E. 587; Egan v. Sawyer & Lumber Co., 94 Wis. 137, 68 N. W. 756; Smith v. Irwin, 51 N. J. Law, 508, 18 Atl. 852, 14 Am. St. Rep. 699.

We find no reversible error in the judgment, and it is therefore affirmed.