TWEETEN v. TACOMA RY. & POWER CO.

(Circuit Court of Appeals, Ninth Circuit. February 2, 1914.)

No. 2303.

1. COURTS (§ 371*)—FEDERAL COURTS—STATE LAWS—FELLOW SERVANTS.

The Washington fellow servant rule that the question of fellow service will not be resolved by measuring the rank of the employés, but by the character of the act, and that in order to be the representative of his principal an employé need not be the foreman in charge of the work as a whole, but it is sufficient if he has authority to direct the work in hand,

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

and the employer is responsible if the injured employé acts in obedience to the command of one having authority to give it, does not obtain in the federal courts, and is not applicable in a suit by a resident against a nonresident corporation removed from the state to the federal courts.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 907, 972–976; Dec. Dig. § 371.*]

2. COURTS (§ 367*)—FEDERAL COURTS—FOLLOWING STATE DECISIONS.
While federal courts will follow decisions of the highest state courts in construing the common law when such decisions establish a rule of property, the federal courts are required to ignore state decisions when they establish no more than a rule of liability for personal injuries.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 958, 959; Dec. Dig. § 367.*

Conclusiveness·of judgment between federal and state courts, see notes to Kansas City, Ft. S. & M. R. Co. v. Morgan, 21 C. C. A. 478; Union & Planters' Bank of Memphis v. City of Memphis, 49 C. C. A. 468; Converse v. Stewart, 118 C. C. A. 215.]

3. MASTER AND SERVANT (§ 286*)—INJURIES TO SERVANT—DUTY TO WARN—FAILURE TO PERFORM—NEGLIGENCE—QUESTION FOR JURY.
In an action for injuries to a servant by the breaking of a suspension wire, evidence *held* to require submission to the jury of defendant's negligence in failing to warn plaintiff of the dangers incident to the work.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 1001, 1006, 1008, 1010–1015, 1017–1033, 1036–1042, 1044, 1046–1050; Dec. Dig. § 286.*]

4. RELEASE (§ 24*)—CONSIDERATION—RETURN—TENDER.
Where defendant customarily paid the doctor's bills of injured employés, and, on paying the bill for physician's services rendered to plaintiff, who was injured while in defendant's employ, exacted from plaintiff a release of liability for such injuries, plaintiff was not required to tender a return of the money so paid to the physician as a condition to his rescission of the release.

[Ed. Note.—For other cases, see Release, Cent. Dig. §§ 41–46; Dec. Dig. § 24.*]

In Error to the District Court of the United States for the Southern Division of the Western District of Washington; Edward E. Cushman, Judge.

Action by O. Tweeten against the Tacoma Railway & Power Company. Judgment for defendant, and plaintiff brings error. Reversed and remanded.

The parties herein will be designated plaintiff and defendant, as they were in the court below. The plaintiff was in the employment of the defendant as a common laborer, digging holes for poles to sustain electric wires. He had been so employed for five months when he was called from his regular work to assist the lineman in tightening suspension wires. The wires were 22 feet above the ground, and the work was done from the top of a work car. The lineman, Watson, was in charge of the work, and directed the plaintiff. The plaintiff was engaged in tightening a wire when he was injured. Watson had put the blocks on the wire and ordered the plaintiff to pull all he could. They both pulled, and the wire became detached from the post to which it had been tied by Watson on the day before, causing the plaintiff to fall to the street below, whereby he sustained serious injury to his ankle. The plaintiff had had no prior experience in that particular work, except that he had assisted Watson for a short time on three or four occasions, and he received no warning from the defendant as to the dangers incident·thereto. Some time after the accident the plaintiff met the defendant's claim agent on a street car, and told him that he owed the doctor some mon-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

ey for medical services in treating his injured ankle. The claim agent told him to call at his office, and when he called the claim agent paid the doctor's bill in the sum of $25, and produced a paper which the plaintiff signed at his request. The paper was a release of the defendant of all claims for damages on account of the injury. The plaintiff could not read in the English language, and the release was not read to him. He testified that he signed it understanding it to be a receipt for the money so paid to the doctor. The plaintiff some time thereafter brought the present action in one of the state courts of the state of Washington, from which the cause was removed by the defendant to the court below. The complaint alleged: (1) That the defendant was negligent in taking him from his regular employment and placing him at work in tightening suspension wires; (2) that the defendant was negligent in not warning him of the danger incident to the work; (3) that the defendant was negligent in not providing him with a reasonably safe place in which to stand while fastening said wires; and (4) that the defendant was negligent in not properly fastening such suspension wire. The answer denied the allegations of negligence, and alleged that the injuries were caused as the result of the ordinary risk and hazard of the employment, which was apparent and known, and was assumed by the plaintiff; that if the plaintiff sustained any injury, it was caused by the negligence of a fellow servant; that the plaintiff was guilty of contributory negligence; that the plaintiff, for the sum of $25, executed a release. On the trial of the cause, at the close of the testimony, the defendant moved the court for a directed verdict in its favor, which motion was granted, the court ruling that the proximate cause of the accident was the parting of the wire, and that it parted by reason of the negligence either of the plaintiff's fellow servant, Watson, in fastening it, or the negligence of both in pulling too hard. Judgment was thereupon rendered on the verdict.

J. A. Sorley, of Tacoma, Wash., for plaintiff in error.

John A. Shackleford and F. D. Oakley, both of Tacoma, Wash., for defendant in error.

Before GILBERT, ROSS, and MORROW, Circuit Judges.

GILBERT, Circuit Judge (after stating the facts as above). [1, 2] The court below correctly ruled that the plaintiff was the fellow servant of Watson, the lineman under whose direction he was working, for, while under the settled rule of the Supreme Court of the state of Washington the doctrine is established that the question of fellow service will not be resolved by measuring the rank of the employés, but by the character of the act itself, that in order to be the representative of his principal, an employé need not be the foreman in charge of the work as a whole, or have authority to employ or discharge men, but that it is sufficient if he have the authority to direct the work in hand, and that the employer is responsible if the injured employé acted in obedience to the command of one having authority to give it (Durante v. Great Northern R. Co., 64 Wash. 395, 116 Pac. 870; McLeod v. Chicago, Milwaukee, etc., R. Co., 65 Wash. 62, 117 Pac. 749; Allend v. Spokane Falls & N. Ry. Co., 21 Wash. 324, 58 Pac. 244; Martin v. Hill, 66 Wash. 433, 119 Pac. 849; Olson v. Erickson, 53 Wash. 458, 102 Pac. 400; Johnson v. Motor Shingle Co., 50 Wash. 154, 96 Pac. 962; Jasper v. Bunker Hill, etc., Min. & Con. Co., 50 Wash. 570, 97 Pac. 743; Hall v. Northwest Lumber Co., 61 Wash. 351, 112 Pac. 369; Howe v. Northern Pacific Ry. Co., 30 Wash. 569, 70 Pac. 1100, 60 L. R. A. 949; Sandquist v. Independent Tel. Co., 38 Wash. 313, 80 Pac. 539; Anustasakas v. International Contract Co., 57 Wash.

453, 107 Pac. 342), the rule is otherwise in the federal courts; and the plaintiff, a citizen of the state of Washington, while he might, on the ground of the lineman's negligence, have had a good cause of action in the state court in which the action was originally begun, was deprived of that right when the defendant, a corporation of New Jersey, removed the cause to the court below. Here is a situation which seems to demand remedial legislation; for, while the courts of the United States will follow the decisions of the courts of the state in which they are held when, in construing the common law, those decisions establish a rule of property, they must ignore them when they establish no more than a rule of liability for personal injuries. Beutler v. Grand Trunk Railway, 224 U. S. 85, 32 Sup. Ct. 402, 56 L. Ed. 679; Salmons v. Norfolk & W. Ry. Co. (C. C.) 162 Fed. 722; Snipes v. Southern Ry. Co., 166 Fed. 1, 91 C. C. A. 593; Snare & Triest Co. v. Friedman, 169 Fed. 1, 94 C. C. A. 369, 40 L. R. A. (N. S.) 367; Illinois Cent. R. Co. v. Hart, 176 Fed. 245, 100 C. C. A. 49.

[3] But we think there was sufficient evidence to go to the jury on the question of the defendant's negligence in failing to warn the plaintiff of the dangers attending the work which he had been directed to do. Prior to that time the plaintiff had been a common laborer, engaged in digging holes and piling poles. He testified that on three or four occasions he had assisted the linemen at work on top of the work car for an hour or two, but that he had never been warned of the dangers attending such work, and this testimony was undisputed. There is evidence in the record tending to show that the work was dangerous. The lineman testified that "once in awhile" a wire would break loose, "not very often," but that it "would usually hold." It thus appears that the danger of the wire becoming detached when subjected to the strain incident to tightening it was one of the dangers to be reckoned with; and, in view of that evidence, we think it was the duty of the defendant, in placing the plaintiff, an inexperienced workman with an imperfect knowledge of the English language, at the work of assisting linemen engaged in tightening wires from the top of a work car, to instruct him as to the dangers of the work. In Britton v. Central Union Tel. Co., 131 Fed. 844, 65 C. C. A. 598, where an ordinary laborer was directed to do a lineman's work in removing wires from certain old poles, in which work he was injured by the falling of a pole, it was held that the question whether the defendant was negligent in permitting him to do such work, which involved the climbing of the poles, without warning him to make an inspection thereof, and instructing him as to the manner in which such inspection should be made, was for the jury. Among other cases illustrating the principle are Montana Coal & Coke Co. v. Kovec, 176 Fed. 211, 99 C. C. A. 565; Peters v. George, 154 Fed. 634, 83 C. C. A. 408; Pennsylvania R. Co. v. Hartell, 157 Fed. 667, 85 C. C. A. 335; Richardson v. Swift & Co., 96 Fed. 699, 37 C. C. A. 557; Michigan Cent. R. Co. v. Majkzrak, 200 Fed. 936, 119 C. C. A. 320; Atlantic Coast Line R. Co. v. Linstedt, 184 Fed. 36, 106 C. C. A. 238.

[4] The defendant contends that the failure of the plaintiff to return, or tender a return of the money received by him in settlement

of his claim against the defendant precludes a recovery in this action, citing the decisions of this court in Mahr. v. Union Pac. R. Co., 170 Fed. 699, 96 C. C. A. 19, Price v. Connors, 146 Fed. 503, 77 C. C. A. 17, and Hill v. Northern Pacific Ry. Co., 113 Fed. 914, 51 C. C. A. 544. But the evidence indicates that the plaintiff has not received from the defendant any money which he is required to return. The money was paid to the doctor who attended him, and the defendant's claim agent testified that it was customary to pay the doctor's bills of injured employés. If so, the payment of the doctor's bill was something which the plaintiff had the right to expect as part of his contract of employment, and by way of compensation for services rendered. He was under no obligation, therefore, to return to the defendant the $25 so paid to the doctor.

The judgment is reversed, and the cause remanded for a new trial.