**THORNTON v. PUGET SOUND POWER & LIGHT CO.**

No. 20390.

District Court, W. D. Washington, N. D.

Oct. 17, 1930.

The plaintiff, as administratrix, alleges her appointment, the corporate relation of the defendant, and the employment of deceased by defendant; that on August 11, 1929, while employed as master of the yacht Olive, acting under the direction of the managing agent of the defendant, an explosion occurred which totally destroyed the vessel, and deceased suffered painful injuries from which he died August 21 following; that during deceased's employment as master, he was in close and continuous contact with the managing agent and became friendly and had a feeling of loyalty and admiration which was reciprocated by the managing agent; that succeeding the death, plaintiff was depressed and suffering from bereavement and was without funds, dependent upon the bounty of the managing agent, who procured from the company her husband's wages; that she appreciated the managing agent's counsel; had full confidence in him, and that he represented to her that the cause of the explosion was wholly unknown, and advised and promised to use his influence with the company to procure a sum of money for her as a donation; that there was no liability on the part of the company, and that said statements were not true, and that she relied upon such advice, being unskilled, and was advised by him not to consult an attorney and "threatened that no payment of any kind would be made if she took any steps to enforce collection"; that she was unacquainted with the liability of a vessel owner for damage in the case of the death of a seaman by wrongful act, and believed the $1,500, the amount offered, was a donation from the defendant; and that thereafter such steps were taken by and through the suggestion and agency of the defendant that $1,500 was paid to her and she executed a release of all claims and demands of every kind for the death of her husband while on board and operating as master of the gasoline launch Olive, owned by the defendant company.

Plaintiff alleges that the explosion was caused solely by the defective, unsafe, and unseaworthy condition of the vessel, and enumerates the acts of omission and commission, and that his death was caused solely by and

through the negligence of the defendant company; that deceased was 35 years of age, healthy, able-bodied and capable of earning $150 a month; and that by his death his estate was damaged in the sum of $50,000; and prays that the compromise and settlement entered into be set aside, and that she have judgment for $50,000.

The defendant moves to separately state the two causes of action in the complaint, and also to strike "by reason of said pain and suffering of the deceased" in paragraph X.

Without waiving the motions, defendant demurs to the complaint on the ground that not sufficient facts are stated to constitute a cause of action.

Douglas T. Ballinger, of Seattle, Wash., for plaintiff.

Bullitt, Kennedy & Schramm, of Seattle, Wash., for defendant.

NETERER, District Judge (after stating the facts as above).

The motions may be considered together.

Pain and suffering introduces no new cause of action. It is but an elaboration of the statement of the injury. Washington Railway & Electric Co. v. Scala, Adm'x, 244 U. S. 630, 37 S. Ct. 654, 61 L. Ed. 1360. See, also, Luckenbach S. S. Co. v. Campbell (C. C. A.) 8 F.(2d) 223; St. Louis, Iron Mountain & S. Ry. Co. v. Craft, 237 U. S. 648, 35 S. Ct. 704, 59 L. Ed. 1160. Nor is Lewis v. Texas & Pacific Railway Co., 146 La. 227, 83 So. 535, to the contrary.

The Merchant Marine Act (section 688, title 46, USCA) gives the right of action for death of any seaman, as a result of personal injury, to the personal representative of such seaman, and gives to such seaman the right of railway employees, by the Federal Employers' Liability Act (section 51, title 45, US CA), or to his personal representatives, for the benefit of his surviving widow and children, etc. The estate does not benefit, but the representative acts solely as trustee for the designated beneficiaries. Lindgren v. United States, 281 U. S. 38, 50 S. Ct. 207, 74 L. Ed. 686.

The motions are denied.

May the plaintiff prosecute this action without repayment or tendering repayment and bringing into court the amount received?

The plaintiff relies upon Bjorklund v. Seattle Electric Co., 35 Wash. 439, 77 P. 727, 1 Ann. Cas. 443.

This court in Johnson v. Chicago M. & St. P. Ry. Co., 224 F. 196, at page 200, said:

"The Washington court is not in harmony with the federal courts upon this issue. The rule adopted by the United States courts, however, must prevail. The Circuit Court of Appeals of this circuit, in Tweeten v. Railway Co., 210 F. 828, at page 830, 127 C. C. A. 378, in applying the fellow servant doctrine, stated that the rule adopted by the United States courts must control in personal injury cases, and said:

" 'Here is a situation which seems to demand remedial legislation; for, while the courts of the United States will follow the decisions of the courts of the state in which they are held when, in construing the state law, those decisions establish a rule of property, they must ignore them when they establish no more than a rule of liability for personal injuries.' "

Since the creation of the Ninth Circuit in March, 1891, and beginning with Hill v. N. P. Railway Co. (C. C. A.) 113 F. 914, McKenna, later Justice McKenna, Gilbert, and Ross, Circuit Judges, it has been the rule that, to avoid a release for personal injury for fraud, the money received must be returned or tendered and brought into court. While the release agreement may not be a contract under seal and would not require a proceeding in equity to set it aside, and could be presented in the trial of this issue if the consideration was returned or tendered and brought into court, as said by Judge Gilbert in Great Northern Ry. Co. v. Fowler (C. C. A.) 136 F. 118, where it was held that misrepresentation or fraud on the part of the releasee may be effective to avoid a release induced thereby. In that case the appellee brought into court the tendered repayment of the money received, with interest thereon.

In Price et al. v. Conners (C. C. A.) 146 F. 503, 504, the trial court had instructed the jury that, if they believed that the plaintiff received $500 and found that the release was fraudulently obtained, it would not be necessary for the plaintiff to tender back the money or repay the same, but the jury, in case they returned a verdict for the plaintiff, should deduct the money from the damages assessed. The jury found for the plaintiff and deducted the amount. The case was appealed. Judge Ross (with whom sat Gilbert, C. J., and Hawley, D. J.) said: " * * * The court below ruled that it was not necessary that the plaintiff should have repaid or tendered the money received by him, as a

condition precedent to avoiding the release. That such is not the law upon such a state of facts was distinctly held by this court in the case of Hill v. Northern Pacific Railway Co., 113 F. 914, 51 C. C. A. 544"—and reversed the judgment.

In Mahr v. Union Pac. R. Co. (C. C. A.) 170 F. 699, the court (Gilbert, Morrow, and Ross) again expressly held that, to annul a previous settlement and release obtained by mistake or fraud, the money received must be returned or tendered before an action can be maintained at law. In Miles v. Lavender (C. C. A.) 10 F.(2d) 450, at page 454, the court (Hunt, Rudkin, and Morrow) again referred with approval to the decided cases. This court in the Thomas P. Beal, 298 F. 121, followed these decisions and held that a party seeking relief from a fraudulent release must first offer to return the money received as a consideration for the release. These decisions are binding on this court.

The demurrer must therefore be sustained.