# THACKRAH *v.* HAAS.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF UTAH.

Submitted December 9, 1886. — Decided December 20, 1886.

A transfer of shares in a corporation, procured from the owner, while so intoxicated as to be incapable of transacting business, by fraud, with knowledge of his condition, and for a grossly inadequate consideration, will be set aside in equity; and if, without any fault of his, he is unable to restore the consideration, provision for its repayment may be made in the final decree.

This suit was brought on December 16, 1880, by Thackrah against Haas, Godbe, the London Bank of Utah (Limited) and the Royal Mining Company of Utah.

The complaint alleged that on September 17, 1880, the plaintiff was owner of certain interests, property and rights in the mining company, equal to 80,000 shares of its capital stock, and then of the value of $80,000, (as to 75,000 shares in his own right, and as to the remaining 5000 as trustee,) and for the same was entitled to have 80,000 shares issued to him whenever the stock should be issuable; that on that day, and for two months before and a month afterwards, the plaintiff was continuously in a state of intoxication to such a degree as to have his mental faculties thereby so impaired as to render him not in his right mind, and wholly incapacitated to transact any business or enter into any contract; that all the defendants, at the time of the transfer hereinafter mentioned, knew that the plaintiff was and for two months had been in that condition; that while he was in that condition the bank through its officers pursued, harassed and goaded him as to a debt of his to the bank, in order to extort from him a transfer to Haas of his interest in the mining company, and the plaintiff was greatly worried by other creditors to whom he owed small amounts, and was greatly excited and annoyed by this conduct of the bank and other creditors, as the defendants knew; that while in this condition the plaintiff was, as he

believes, encouraged in his drunkenness and furnished with intoxicating drinks by the agents of Haas, with the knowledge of the bank; that on September 17, 1880, Haas and the bank, well knowing the plaintiff's condition and his incapacity for business, fraudulently imposed upon and extorted from him, for the grossly inadequate sum of $1200, a transfer or assignment in writing to Haas of the whole of the plaintiff's interests aforesaid in the mining company; that Godbe and the bank were the real parties in interest for whom the transfer was procured, and that they now held the shares, or Haas held the same for them; that of this sum of $1200 the sum of $750 was retained by the bank and applied to the payment of the plaintiff's debt to it, and the remaining $450 was applied by his wife in paying his small debts; that the plaintiff, on recovering from his intoxication, gave notice to all the defendants of his intention to bring this suit as soon as he should be able to repay to Haas the sum of $1200; but that the plaintiff, although he had used every effort to obtain money for that purpose, had been unable to obtain it, and had not now the pecuniary ability to repay that sum; that the only available means to which he could look for raising it were the interests and shares aforesaid in the mining company, fraudulently forced from him by the pretended transfer; and that if the plaintiff were now able to repay the $1200 to Haas, he could not do so, because Haas had left the Territory to reside elsewhere.

The complaint concluded by praying judgment that the transfer to Haas be declared void, and be cancelled; that the 80,000 shares of stock and said interests therein be adjudged to be the plaintiff's property; that so much thereof be sold by order of the court as should be sufficient to yield $1200 and interest from the date of the transfer, and that sum be paid to Haas; that the mining company be directed to issue the rest of those shares and interests to the plaintiff, and be restrained from issuing them to any other person; and that the other defendants restore to the plaintiff any certificates thereof in their hands, and be restrained from receiving any more, and account to him for any part that they had disposed of.

The defendants severally demurred to the complaint as stating no cause of action, the demurrers were sustained and the complaint dismissed by the courts of the Territory, and the plaintiff appealed to this court.

. *Mr. E. D. Hoge* for appellant.

No appearance for appellees.

Mr. Justice Gray, after stating the case as above, reported, delivered the opinion of the court.

No opinion of the court below and no brief or argument for the appellee having been submitted to us, it is not easy to conjecture the ground upon which the demurrers were sustained.

By the statutes of Utah, there is, for the enforcement or protection of private rights, and the redress or prevention of private wrongs, but one form of action, commenced by complaint, to which the defendant may demur or answer. If there be no answer, the relief cannot exceed that demanded in the complaint; in any other case, the court may grant any relief consistent with the case made by the complaint and embraced within the issue. Compiled Laws of Utah of 1876, §§ 1226, 1247, 1263, 1374.

The complaint in the present case is in the nature of a bill in equity against a mining corporation, a bank, and two individuals, alleging that while the plaintiff was in such a state of intoxication as not to be in his right mind or capable of transacting any business or entering into any contract, the defendants, knowing his condition, fraudulently extorted from him for the sum of $1200 a transfer to one of those persons, for the benefit of the other and of the bank, of his interests, worth $80,000, in shares to that amount in the mining corporation; and praying for a cancellation of the transfer, for a sale of enough of the interests transferred to repay the $1200, for the issue of the rest by the mining company to the plaintiff, for the restoration to him by the other defendants of any certificates in their hands, and for an account and an injunction. It cannot be doubted that this was such a case of fraud as

entitled him to relief in equity. 2 Pomeroy, Eq. Jur. §§ 914, 949.

The complaint further alleges, and the demurrer admits, that the greater part of this sum of $1200 was retained by the bank and applied to the payment of a debt previously due to it from the plaintiff, and (it would seem before he recovered from his intoxication) the rest of that sum was applied by his wife to the payment of his small debts, and he had no means available to raise money to repay the $1200, except the interests in the mining company, which he had been induced by the defendants' fraud to make a transfer of. The plaintiff, without any fault of his, being unable to repay the consideration of the fraudulent transfer, equity will not require him to do so as a condition precedent to granting him relief, but will make due provision, in the final decree, for the repayment of that sum out of the property recovered. *Reynolds* v. *Waller*, 1 Wash. Va. 164; *Allerton* v. *Allerton*, 50 N. Y. 670; *S. C.*, more fully stated, in *Harris* v. *Equitable Assurance Society*, 64 N. Y. 196, 200.

*Judgment reversed, and case remanded for further proceedings in conformity with this opinion.*