PAETZ, Respondent, vs. STOPPLEMAN, imp., Appellant.

*December 9, 1889 — January 28, 1890.*

Deceit: Rescission of sale: Dissolution of partnership: Election be-
tween remedies: Mortgages: Order in which property subjected to
payment: Costs: Interlocutory order.

1. False representations by the owner of a mill as to the price he had
paid for his partner's half interest therein, as to the past profits of
the mill, and as to its condition of repair, made for the purpose of
inducing, and which did induce, the plaintiff (who was ignorant
of such matters) to purchase a half interest in the mill, are *held* to
justify a rescission of the sale.

2. In an action for a rescission of such contract and a dissolution of
the partnership consequent thereon, the court properly refused to
require the plaintiff to elect between such remedies.

3. The plaintiff having conveyed an undivided half interest in his farm
to the defendant in part payment for such interest in the mill, and
having been induced further to join in a mortgage on both the mill
and the farm, the proceeds of which mortgage went to the defend-
ant, on the rescission of the sale it was properly ordered that the
mortgage moneys should be first made out of the mill property.

4. Upon making an interlocutory order that a sale be rescinded and
an account stated between the parties in an action brought for that
purpose, the court may order the defendant to pay the costs up to
that time.

APPEAL from the Circuit Court for *Rock* County.
The facts are stated in the opinion.

Paetz vs. Stoppleman.

*H. W. Chynoweth*, for the appellant, contended, *inter alia*, that it was error to enter judgment, passing title to the property in question and directing costs to be taxed and inserted in the judgment, before the report of the referee came in. There can be but one judgment or decree in an equity cause in this state, and that judgment is the final judgment which disposes of all the rights of the parties. *Sellers v. Union L. Co.* 36 Wis. 398; *Massing v. Ames*, id. 409; *Singer v. Heller*, 40 id. 544; *Stahl v. Gotzenberger*, 45 id. 121. This judgment is final. *Forgay v. Conrad*, 6 How. 201; Freem. Judg. sec. 340. The taxation of costs in the cause and their insertion in the judgment make it so. *Williams v. Field*, 2 Wis. 421; *Cord v. Southwell*, 15 id. 211; *Bonesteel v. Bonesteel*, 30 id. 151; *Smith v. Hart*, 44 id. 230; *Andrews v. Welch*, 47 id. 132; *Haseltine v. Simpson*, 61 id. 427. But it provides for the entry of a second final judgment. There can be no such thing as two final judgments in any one case. *Phillips v. Geesland*, 2 Pin. 120. The court erred in refusing to compel respondent to elect as to whether he would proceed for a dissolution of the partnership and an accounting, or for the rescission of the contract of partnership. *Trimble v. Doty*, 16 Ohio St. 119–129; *Morris v. Rexford*, 18 N. Y. 552. A party seeking a rescission cannot insist that he is entitled to rescission in part and affirmance in part of an entire contract. *Potter v. Taggart*, 54 Wis. 395, and cases cited; 1 Bates' Ch. Pr. 391; 2 Daniel's Ch. Pr. 713. He must elect and restore wholly and without reservation before he is entitled to rescission. *Grant v. Law*, 29 Wis. 99; *Estes v. Reynolds*, 75 Mo. 563; *Lapp v. Ryan*, 23 Mo. App. 436; *Weed v. Page*, 7 Wis. 503; *Hollenbeck v. Shoyer*, 16 id. 499; *Costigan v. Hawkins*, 22 id. 74; *Akerly v. Vilas*, 21 id. 88; *Coleman v. Columbia Oil Co.* 51 Pa. St. 74; *Rand v. Webber*, 64 Me. 191; *Neal v. Reynolds*, 38 Kan. 432; *Webster-Glover L. & M. Co. v. St. Croix Co.* 71 Wis. 317. A rescission will not be decreed

where the parties cannot be placed *in statu quo*. *Campbell v. Fleming*, 1 Ad. & E. 40; 2 Chitty, Cont. (2nd Am. ed.), 1037; *Kelsey v. Snyder*, 118 Ill. 544; *Morse v. Brackett*, 98 Mass. 205; *Hoadley v. House*, 32 Vt. 179; *S. C.* 76 Am. Dec. 167, and note; *Conner v. Henderson*, 15 Mass. 319; Benj. Sales (2nd Am. ed.), secs. 415, 452, and cases cited; *Bartlett v. Drake*, 100 Mass. 176; Kerr, Fr. & M. 48; *McCrillis v. Carlton*, 37 Vt. 139; *Herman v. Haffennegger*, 54 Cal. 161; *Jeffers v. Forbes*, 28 Kan. 174; *Smith v. Brittenham*, 98 Ill. 188; *Fay v. Oliver*, 20 Vt. 118; *S. C.* 49 Am. Dec. 764, and note; *Hunt v. Silk*, 5 East, 449; *Blackburn v. Smith*, 2 Exch. 783; *White v. Miller*, 22 Vt. 380; *Oakes v. Turquand*, 2 H. L. App. Cas. 325; *Kirk v. Hamilton*, 102 U. S. 68; *Stanton v. Hughes*, 97 N. C. 318; *Beed v. Blandford*, 2 Young & J. 278; *Doughten v. Camden B. & L. Asso.* 41 N. J. Eq. 556; *Strong v. Lord*, 107 Ill. 25; *Smith v. Brittenham*, 109 id. 540; *Mixer's Case*, 4 De G. & J. 575; *Kingsford v. Merry*, 11 Exch. 577; *White v. Garden*, 10 C. B. 919; *Western Bank v. Addie*, L. R. 1 Scotch & Div. App. Cas. 145; *Urquhart v. Macpherson*, L. R. 3 App. Cas. 831; *Clarke v. Dickson*, Ellis, B. & E. 148; *Curtiss v. Howell*, 39 N. Y. 211–215; Willard's Eq. Jur. 303; *Clark v. Baker*, 5 Met. 452; *McDonald v. Hyde*, 23 Wis. 487; *Getty v. Devlin*, 54 N. Y. 403; *Francis v. N. Y. & B. E. R. Co.* 17 Abb. N. C. 1; *Grant v. Law*, 29 Wis. 99, and cases cited; *Weeks v. Robie*, 42 N. H. 316; *Neal v. Reynolds*, 38 Kan. 432.

*John M. Olin*, for the respondent, argued, among other things, that if the defrauding party, by his own act, has made restoration to his original position impossible, it is no objection that such restoration is not made; especially is this true if the act is done in furtherance of the fraud. *Hammond v. Pennock*, 61 N. Y. 145; *Masson v. Bovet*, 1 Denio, 69; *S. C.* 43 Am. Dec. 651; *Gatling v. Newell*, 9 Ind. 572; *Durrett v. Simpson's Rep's*, 3 T. B. Mon. 517; *S. C.* 16

Am. Dec. 115; Wells on Replevin, 331; Kerr, Fr. & M.
(Bump's Notes), 337, 335, note; *Guckenheimer v. Angevine*,
81 N. Y. 394; *Brown v. Norman*, 65 Miss. 369; *Faulkner
v. Klamp*, 16 Neb. 174; *First Nat. Bank v. Yocum*, 11 id.
328; *Hegenmeyer v. Marks*, 37 Minn. 6; *Baker v. Lever*,
67 N. Y. 304, 310; *Thackrah v. Haas*, 119 U. S. 499; *Peters
v. Hilles*, 48 Md. 511; *Smith's Adm'r v. Smith*, 30 Vt. 139.
Not only is the defrauded party in no case bound to restore
anything but the consideration of the contract sought to
be rescinded, but if it appears that he has obtained less
than will be found due him by the person guilty of the
fraud, restoration even of the consideration is not necessary.
*Potter v. Taggart*, 59 Wis. 1; *Thackrah v. Haas*, 119 U. S.
499; *Wright v. Dickinson*, 67 Mich. 590; *Peters v. Hilles*,
48 Md. 511; *Physio Medical College v. Wilkinson*, 108 Md.
314; *Pearse v. Pettis*, 47 Barb. 276; *Millard v. Farley*, 15
La. Ann. 518. The rule as to restoration is not, in equity,
imperative, especially in cases of fraud. 2 Parsons, Cont.
sec. 680; *Coffee v. Ruffin*, 4 Coldw. 487, 516; *Neville v.
Leverett*, 32 Ala. 410; *Coffee v. Newsom*, 2 Kelly (Ga.), 442,
461–2; *Taft v. Kessel*, 16 Wis. 273–279; *Brown v. Norman*,
65 Miss. 369; *Worthington v. Campbell*, 1 S. W. Rep. (Ky.),
714; *Thackrah v. Haas*, 119 U. S. 499; *Veazie v. Williams*,
8 How. 134; *Gould v. Cayuga Co. Bank*, 86 N. Y. 75, 81–83;
*Allerton v. Allerton*, 50 id. 670; *Crosland v. Hall*, 33 N. J.
Eq. 111, 118; *Barker v. Walters*, 8 Beav. 92, 96; *Savery v.
King*, 5 H. L. Cas. 626; *Wright v. Dickinson*, 67 Mich. 590;
*Downer v. Smith*, 32 Vt. 1.

ORTON, J. In July, 1887, the appellant was owner of an
undivided one-half of the Lodi Mills, and Peter Kehl was
the owner of the other half. The appellant had been con-
nected with said mills and business for several years, and
was well acquainted with the milling business and with the
condition and value of said property. The respondent was

a farmer, and owned and carried on a valuable farm in the same county, and was ignorant of the business of milling and of the proper conditions and value of mill property and of the mills in question. Peter Kehl wished to sell his half of the property. The appellant wished the respondent to become the purchaser thereof, and made to him certain representations which are claimed to have been false and fraudulent,— such as that the property was in good condition, and needed no repairs, and would not for a long time; that the business was very profitable, and that the lowest price at which said one-half could be purchased was $6,500; and that he could purchase it for him for that amount, and for nothing less. The respondent, induced by said representations, agreed to become the purchaser of said undivided half of the property, and it was so arranged that he was to convey to the appellant an undivided half of his said farm, at the price of $3,500, and an undivided half of the personal property thereon at the price of $800, and pay in money the sum of $2,200, to make said purchase price of $6,500; and the appellant, who had already purchased the said interest of Kehl, as he represented for the sum of $6,500, but in fact for the sum of $4,200, was to convey the same to the respondent. In a short time after this arrangement was so consummated, the respondent discovered for the first time that said representations were false; that the property was in very bad condition and needed repairs; that it was not profitable, and had not been for a long time; and that the appellant had paid Kehl only the sum of $4,200 for his interest. The respondent thereupon demanded of the appellant a rescission of said sales, and tendered the necessary deeds and a dissolution of the partnership they had formed, and brought this suit for such purposes and for an accounting. The appellant yet owed the said Kehl on said purchase the sum of $3,000, and to obtain that amount, as well as the $2,200 the respondent

Paetz vs. Stoppleman.

was to pay him, induced the respondent to join in a mortgage on both the mills and the farm for the sum of $5,000, representing at the time that he had the sum of $1,500 in bank, which was false.

These are, substantially, the facts proved and found by the court. The conclusions of law and the interlocutory order are that the deed from the respondent to the appellant of the farm property be set aside, and the contracts of sale be rescinded, and that the respondent reconvey the mill property. It was further adjudged that an accounting be had, and that a referee be appointed to take testimony and state an account, and that the appellant pay the costs so far accrued. From said order this appeal is taken.

1. The first question raised by the learned counsel of the appellant is that it was error to make such an order, or render such a judgment, and for costs, while there yet remains anything undetermined, or without a final disposition of the whole case. It is no doubt true, as claimed by the learned counsel, that the adjudication of the costs and their insertion in the judgment are characteristic of a final judgment, and that there can be but one *final* judgment. It is very clear that this is not a final judgment. It is a part of it,— that there be an accounting, and a referee appointed to state an account and to take testimony. Until the report of the referee and the disposition of the matters involved in the accounting, no final judgment can be rendered. The name is not material. In old chancery practice this order would have been called an interlocutory order or decree. In our present practice it is an order, merely. It is an order that involves the merits of the action, or affects a substantial right in the action, under the first and fourth subdivisions of sec. 3069, R. S., and is appealable as such. The matter of costs is in the discretion of the court in equity. There is no such restriction of

equity jurisdiction as would prevent the court to order either party to pay costs at any stage of the proceedings, for sufficient reasons.

2. The court refused to order the plaintiff to elect as between the remedies of rescission of the contract and dissolution of the partnership. The partnership was consequent and became necessary upon the tenancy in common and joint use of the property. The rescission of the contract and setting aside the deeds are but a part of a full remedy in the case. Both remedies are necessary, and when a court of equity obtains jurisdiction it proceeds to administer full equity. There could be no election in such a case. The dissolution of the partnership follows as a matter of course on the rescission of the contract and placing the parties *statu quo*. There is no force in the point. The remedies are not inconsistent but in harmony, and without the latter only part of the relief would be administered.

3. In connection with the last point, it is claimed that the plaintiff should restore what he received, upon a rescission of the contract. The court no doubt designed that the plaintiff should restore all that he received. The defendant receives all that he had, but with such incumbrances as he himself imposed by his fraud. The plaintiff receives no more than his equitable right. The principle is admitted, but the authorities cited do not apply.

4. It may be that some of the representations were mere promises or opinions, but some of them were as to existing facts, such as the cost of the property, that it needed no repairs, and its past profits. The plaintiff was ignorant of that class of property, and the defendant knew it, and imposed his representations upon his ignorance. These representations the defendant knew to be false, and he made them to induce the plaintiff to enter into the contract to his injury. The court tried the case, and no doubt relied

upon such representations as were material, as many of them unquestionably were; and the finding of such justified the order rescinding the contract.

5. The court ordered the mortgage moneys to be first made out of the mill property. The only part of the mortgage proceeds received by the plaintiff was $2,000, and that he paid to the defendant. The mortgage was part of the fruits of the fraud, and the defendant in equity ought to assume and pay it.

The above propositions in answer to the points made are elementary and self-evident, and rest in common reason and equity; and therefore I have cited no authorities to sustain them. The case is not at all complicated or uncommon. It is a very common case of fraud, and involves no new or strange principles of law or equity. The case has been magnified, in respect to the principles involved, by the great learning and ability of the eminent counsel on both sides. The briefs are very voluminous, able, and exhaustive, but scarcely necessary to such a case. The defendant was guilty of an outrageous fraud upon the plaintiff, and the disposition of the case so far only restores to the plaintiff, as far as possible, what he lost by it.

*By the Court.*— The order of the circuit court is affirmed, and the cause remanded for further proceedings.