PRICE et al. v. CONNORS.

'(Circuit Court of Appeals, Ninth Circuit. June 18, 1906.)]

No. 1,215.

RELEASE—RESCISSION—TENDER OF CONSIDERATION.

Where, in an action for injuries to plaintiff by a gunshot wound, defendants put in issue all the allegations of the complaint, pleaded a release executed by plaintiff in consideration of a payment of $500, which plaintiff sought to avoid on the ground that it was executed while he was intoxicated and the jury might have found that the whole of the damages suffered by plaintiff did not in fact amount to $500, plaintiff was required to have repaid or tendered the money received by him as a condition of his right to avoid the release.

In Error to the District Court of the United States for the Second Division of the District of Alaska.

Ira D. Orton, Albert Fink, W. H. Metson, J. C. Campbell, and F. C. Drew, for plaintiffs in error.

L. H. Brewer, F. L. Morgan, Ben Sheeks, Geo. D. Schofield, and Albert H. Elliot, for defendant in error.

Before GILBERT and ROSS, Circuit Judges, and HAWLEY, District Judge.

ROSS, Circuit Judge. This case is brought here by writ of error to the United States District Court for the District of Alaska, Second Division. The action was for damages for personal injuries sustained as the result of a gunshot wound, and resulted in a verdict and judgment for the plaintiff.

The defendants to the action, after putting in issue the allegations of the complaint, set up as an affirmative defense in their answer that the plaintiff, for and in consideration of the sum of $500 paid to him by them, had released and discharged them from all liability for the alleged cause of action. The plaintiff replied to that affirmative defense, and in his reply alleged that if such release, discharge, and satisfaction was in existence, the instrument was obtained by the defendants collusively acting together for the purpose of cheating and defrauding the plaintiff out of his rights, and by then and there taking advantage of the plaintiff while he was intoxicated to such an extent as to be wholly unfit for the transaction of any business. On the trial the defendants introduced in evidence a written release executed and acknowledged by the plaintiff, to the effect stated in their answer. The plaintiff denied all knowledge of the execution of the release. In respect to the question whether or not the plaintiff was intoxicated at the time of the execution of the release, the evidence was conflicting, but he himself testified on the trial that Hoxsie, who represented the defendant in the negoti-

ations, approached him twice. "He sent for me," said the witness, "first on the 13th [of October]. The second time, when he offered me the $500, I went up and told Mr. Schofield [plaintiff's attorney]. I went right away, I guess. I think I went and seen him and told him the same day this proposition was made to me to settle for $500. I told him I had been offered $500 to settle the case, and from that time I don't believe I saw Mr. Schofield again until I went out."

The court below instructed the jury, among other things:

"That if a person who has been injured by the willful, wanton, or negligent act of another is fraudulently induced to sign a release for the damages sustained, such release will not operate as a bar to the prosecution for damages to recover for such injuries; and, in this case, if you believe from the evidence that the written release offered in evidence by the defendants was signed by the plaintiff at a time when he was not in a condition to understand what he was doing, then such release would not be binding upon the plaintiff, and would constitute no defense against the cause of action set forth in the complaint. And it would be immaterial whether such condition of mind was brought about by the plaintiff or by the connivance of others. I also further instruct you in this connection that if you believe from the evidence that plaintiff received the sum of $500 from one Charles Hoxsie, acting as agent for defendants, or any of them, such fact would be immaterial if you further believe from the evidence that the release was fraudulently obtained, or was signed at a time when plaintiff did not realize what he was doing, and, under these circumstances, it would not be necessary that plaintiff should tender back said money, or repay the same to the defendants, but the jury should, in case they return a verdict for plaintiff, deduct such sum of $500 from the damage assessed, if they believe from the evidence that such sum was paid to plaintiff."

The giving of these instructions to the jury were excepted to at the time by the defendants, and are assigned for error here, as also the refusal of the court to give the following instruction requested by the defendants:

"A release executed, even though it be executed by one who is wholly incompetent by reason of intoxication to legally execute such release, is not thereby rendered void, but merely voidable. In such case, if the plaintiff desired to avoid said release, it was his duty to restore, or offer to restore, within a reasonable time, everything of value which he received as a consideration for such release, and in the event of such failure to do so, he will be bound by the release, even though the jury should believe he was so intoxicated at the time of signing it as to be incompetent of executing it."

We are of the opinion that the court below erred in giving the instructions complained of. The case was not one of that class wherein the court, having it within its power to fully protect the interest of the adverse party in case of rescission, might proceed to a hearing without requiring the repayment or tender of the money received in consideration of the release, illustrations of which class of cases may be found in Thackrah v. Haas, 119 U. S. 499, 7 Sup. Ct. 311, 30 L. Ed. 486, and Billings v. Smelting Company, 52 Fed. 250, 3 C. C. A. 69. In the present case the jury might have found that the whole of the damage suffered by the plaintiff did not, in fact, amount to $500—the amount the defendants paid the plaintiff in settlement. And since the defendants put in issue all of the allegations of the complaint, it might, if the evidence justified it, have been found by the jury that the plaintiff was not entitled to recover at all. Yet the court below ruled that it was

not necessary that the plaintiff should have repaid or tendered the money received by him, as a condition precedent to avoiding the release. That such is not the law upon such a state of facts was distinctly held by this court in the case of Hill v. Northern Pacific Railway Company, 113 Fed. 914, 51 C. C. A. 544.

The judgment is reversed, and cause remanded to the court below for a new trial.