GRIFFIN v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY.

Opinion delivered December 20, 1915.

1. MASTER AND SERVANT—INJURY TO SERVANT—NEGLIGENCE—QUESTION FOR JURY.—Plaintiff was injured while engaged with four other employees of defendant, in carrying a heavy timber. It appeared from the evidence that it was necessary to have seven to nine men carry a timber of that size. *Held*, it was a question for the jury whether defendant was negligent in putting an insufficient number of men to work in handling that particular piece of timber.

2. MASTER AND SERVANT—ASSUMPTION OF RISK.—Under the facts as above set out, it was for the jury to determine whether plaintiff appreciated the danger of attempting to handle the piece of timber with the insufficient force of men.

3. RELEASE—FALSE STATEMENT OF PHYSICIAN.—Plaintiff, an employee of defendant company, sustained an injury while acting in the course of his employment, and executed a release to defendant upon the faith of statements made to him by the company's physician, who treated him at the hospital, that his injuries were trivial, and that he would fully recover in a few days. The evidence showed that these statements were false. *Held*, the release was therefore not binding.

Appeal from Independence Circuit Court; *Dene H. Coleman*, Judge; reversed.

*W. K. Ruddell, V. G. Richardson* and *Ira J. Matheny,* for appellant.

1. Appellant did not assume the risk unless the danger was so obvious as to make a reasonable man refuse to do the work, for the reason there was a direct command and the foreman was present showing how the work should be done. 113 Ark. 359. He had the right to rely on the superior knowledge of the foreman, * * * unless he knew and appreciated the danger to which he was exposed. 95 Ark. 291; 77 *Id.* 458; 77 *Id.* 367. The question of assumed risk should have been left to the jury. 65 Mo. 514; 12 Col. 20; 191 Ill. 439; 19 Hun (N. Y.) 596; 79 Ark. 53; 88 *Id.* 548.

Railroads must use the same care for their men that an ordinary man would for his own safety (81 Ark. 591), and if this was not the safest practical way to handle the timber then the company was guilty of negligence. 77 Am. St. Rep. 17, 24. As to whether this was the safest practical way was for the jury. 117 Mass. 407; 121 *Id.* 508; 90 Ark. 145.

When the company changed its manner of loading rendering it more dangerous, it was its duty to notify the plaintiff, and if it did not, and *he did not know* and appreciate the danger, the change increasing the hazard was the proximate cause and the company was liable. 103 Ark. 618. In the absence of knowledge there is no assumed risk. 77 Ark. 367; *Ib.* 458; 82 *Id.* 11; 86 *Id.* 507.

Whether a continuance of work is an acceptance of risk or not is for a jury. Beven on Negl. (3 ed.) 1908, p. 620; 126 C. C. A. 632. See also, 103 Ark. 618; 110 Am. St. Rep. 23 and note; 73 N. Y. 38; 67 Am. Dec. 312, 325; 137 Am. St. Rep. 904. Railroad companies must furnish sufficient men to do the work in safety, and if they fail, this is negligence and assumption of risk is no defense. 137 Am. St. Rep. 904; 63 Wash. 430. It is the duty of the servant to obey orders, and if the danger is not obvious or apparent, he is not guilty of contributory negligence. 56 Ark. 206. As to whether plaintiff was guilty of contributory negligence was a question for the jury. 67 Am.

Dec. 312; 20 Ohio, 415; 3 Ohio St. 201; 65 Ark. 138; 79 *Id.* 53; 229 U. S. 114.

The burden was on the railroad company to prove contributory negligence. 67 Ark. 531; 81 *Id.* 187. Where there is any legal evidence it is error to direct a verdict. 73 Ark. 561; 76 *Id.* 520.

2. The release was not binding. 87 Ark. 614.

*Troy Pace* and *W. G. Riddick,* for appellee.

1. Plaintiff assumed the risk and the court properly directed a verdict. 88 Ark. 548; 104 *Id.* 489; 95 *Id.* 291; 171 S. W. (Tex.) 496; 119 Ark. 477; 101 Ark. 197.

This case was tried under the Federal statute (229 U. S. 146), and the defense of assumed risk was available. 171 S. W. 496.

2. Defendant pleaded a release in settlement and plaintiff filed no reply. Plaintiffs evidence as to the statements of the physician was not admissible unless the release was obtained by fraud. Fraud must be alleged and proven. 20 Cyc. 104.

MCCULLOCH, C. J. Appellant sued the railway company to recover compensation for personal injuries received while he was working for appellee as a laborer in the bridge department. The issues were tried before a jury and the court gave a peremptory instruction in favor of appellee. The question, therefore, which we have for consideration, is whether or not the evidence was sufficient to support a verdict in appellee's favor.

The injuries of appellant were sustained while he, together with his co-laborers, were carrying a piece of timber to load it on a push-car. The piece of timber was one of the stringers of a bridge, and after having taken it out of the bridge the laborers were engaged in loading it on a push-car for the purpose of carrying it to another place. The particular piece they were handling at that time was about twenty-eight feet long and weighed from 1,000 to 1,200 pounds. There were five men handling it, two at each end and the fifth one in the middle using a cant hook. They picked the timber up from the place where it was lying, about fifteen feet from the side of the

track, and started up the dump with it; and as appellant reached the top he stepped on the edge of the gravel which constituted the ballast for the railroad, his foot turned and slipped on the gravel, and the weight of the piece of timber came on him with such force that it hurt him in the groin and injured his testicles.

(1) The testimony of appellant tends to show that the great strain he was under, in assisting in carrying the heavy load, caused his foot to slide or turn when he stepped on the gravel, and also prevented him from sustaining himself against the additional force. It is charged that it was necessary for as many as seven or nine men to help in carrying a piece of timber of that size and weight, and that the employer was guilty of negligence in putting five men to work in handling it. The men were acting under the immediate direction of a foreman who was present and directed the men to pick up the piece of timber and carry it to the push-car. Testimony was adduced tending to establish the fact that it was customary for a crew of seven or nine men to work together in handling timbers of that size and weight, and that such a load was too heavy for five men. We are of the opinion that the testimony was sufficient to warrant a submission to the jury of the question of negligence of the foreman in putting the insufficient number of men to work in handling that particular piece of timber.

(2) It is insisted by counsel for appellee that under the undisputed testimony appellant must be deemed to have assumed the risk. We do not think, however, that it can be said as a matter of law that the risk was assumed merely because appellant, under the circumstances, proceeded with the work. He was acting under the immediate commands of the foreman and had the right to some extent to rely upon the former's superior knowledge. It was a question for the jury to determine whether or not appellant appreciated the danger of attempting to handle the piece of timber with an insufficient force of men.

Counsel insist that the recent case of *St. Louis, I. M. & S. Ry. Co.* v. *Middleton,* 116 Ark. 284, 171 S. W. 869, supports their contention that this is a case of assumed

risk, but we do not think that that case is analogous to the present one. There the servant was put to work at a machine to do the work in his own way, and to call for help when needed. He was not furnished help, but we said that under those circumstances he was not compelled to do the work until help was furnished, and that, therefore, he assumed the risk by undertaking to do it without waiting for help. In the present case the servant was acting under the immediate direction of a foreman, and, as before stated, he had a right to rely upon the foreman's superior knowledge and did not assume the risk unless the jury found that he appreciated the danger and voluntarily proceeded with the work in the face of it.

It must be borne in mind that under the proof in the case, as developed in its strongest light favorable to appellant's cause of action, he was not regularly engaged in handling timbers of this size with only four men to help. On the contrary, his own testimony shows that he had never before that occasion undertaken to handle a piece of timber of that size and weight with less than seven men. The jury might, therefore, have found that while he knew that the force of men was insufficient that he did not fully appreciate the danger of attempting to carry the timber with that size crew.

There was testimony to the effect that five men could have loaded the piece of timber by all of them handling one end at a time, and it might be said that if they chose their own method of handling it in another way they would be deemed to have assumed the risk. The testimony is, however, that the foreman directed appellant and his co-laborers to handle the piece of timber in the particular way mentioned; that is to say, with two of them at each end, and in doing the work they were following out the explicit directions of the foreman. Therefore we must come back to the proposition that under the proof in this case, before the risk of the danger was assumed, it must be found that appellant appreciated it.

There is another issue in the case as to the validity of a release executed by appellant. A day or two after his injury occurred he was sent to the company's hospital

and was there treated by one of the company's physicians. When released from the hospital he was sent to the claim agent, who made a settlement with him and paid him $25 in full compensation for his injuries. He signed a written release, but attempted in the trial below to escape the effect of it by saying that he was induced to sign the release by statements made to him by the company's physician to the effect that his injuries were trival and that he would be fully recovered and able to go back to work in a few days. The testimony tends to show that the statement, if made, was untrue.

(3)  In the case of *St. Louis, I. M. & S. Ry. Co.* v. *Hambright,* 87 Ark. 614, we said (quoting from syllabus) that "If the chief surgeon of a railroad company in good faith represents to an injured employee that his injuries are slight and temporary when they are serious and permanent, and thereby misleads him into signing a release of the railroad company from damages, such release is not binding." The facts of this case bring it within the doctrine announced in that case. It was not shown that it was the chief surgeon who made the statement to appellant, but appellant testified that the company physician who treated him at the hospital made the statement that his injuries were trivial and temporary, and the evidence tends to show that the statement was not true. The testimony of the appellant warranted a submission to the jury of the question whether there was such a misstatement of facts as prevented the execution of the release from barring appellant's right to sue.

Our conclusion is that there was enough to go to the jury on both issues presented, and that the court erred in peremptorily taking the case from the jury.

Reversed and remanded for a new trial.