## BECKOFF v. DAN CREEK MINING CO.

(First Division.    Juneau.    February 9, 1920.)

No. 1880–A.

1. **Master and servant** ⊚⊸394—Contracts—Damages—Workmen's Compensation Acts.

Claims of employees for compensation for injuries received which inure to employees under chapter 71, Session Laws of Alaska of 1915, are not damage suits, but suits for breach of contract.

2. **Release** ⊚⊸24(2)—Rescission—Tender of Consideration.

Plaintiff was injured while in the employ of the defendant mining company, and brought suit to recover compensation, under chapter 71, Session Laws of Alaska of 1915. Defendant denied the allegations of his complaint, and relied on a release in writing executed by plaintiff to it for a consideration. Plaintiff testified the release was signed by him by mistake for a receipt for wages, but the court found against him on the fact. *Held*, that he was required to have repaid or tendered the money received by him as a condition of his right to avoid the release; not having done so, the action is dismissed.

Henry Roden, of Juneau, and E. E. Ritchie, of Valdez, for plaintiff.

H. L. Faulkner, of Juneau, and John F. Mullen, for defendant.

JENNINGS, District Judge.    At the conclusion of all the evidence in this case defendant made a motion for a dismissal of the case, assigning this among other reasons, to wit: That the money paid to defendant for the release had never been paid back, nor offered to be paid back.    The court did not grant the motion, nor deny it, but reserved its decision, and in accordance with the practice in compensation cases proceeded to take the verdict of the jury on certain special questions submitted to them, announcing that the said point of law might be raised again, when application was made for judgment on the answers which the jury might return.    The questions submitted to the jury and the answers made by them had no bearing on the determination of the point of law.    Within the time allowed by law defendant made a motion for a special judg-

⊚⊸See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

ment, to wit, for judgment of dismissal, on the ground hereto-fore mentioned.

I am of opinion that the motion must be granted. Claims of employees for compensation for injuries received, which inure to the employee under Session Laws of Alaska of 1915, chapter 71, are not damage suits, but suits for breach of contract. Section 3 of the act provides:

"At any time subsequent to the injury, the employer and the employee shall have the right to compromise and settle any claim for injury hereunder in accordance with schedule herein, and the employee shall have the right to give full satisfaction and acquittance therefor and thereby discharge the employer from further liability, and such satisfaction and acquittance shall be binding upon the said employer, employee, beneficiaries under this act and all other persons whatsoever."

The plaintiff signed the agreement of release and received therefor a certain sum of money. He alleges that the paper was misrepresented to him and that he signed it through fraud of defendant, he having been induced to believe that he was signing a receipt for wages, but the evidence on that point, so far from being "clear and convincing," as it must be in such cases, in favor of plaintiff's contention, preponderates against that contention; and, too, the evidence fails to show that there was due to the plaintiff any such sum as he received for executing the release, and it is at least inferentially admitted in the complaint that the same was received as part compensation. The decision of the Circuit Court of Appeals for the Ninth Circuit, in Price v. Connors, 146 Fed. 503, 77 C. C. A. 17, does, I think, govern this case.

The action will be dismissed.

⬦See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes