## LION OIL REFINING CO. v. ALBRITTON.

Circuit Court of Appeals, Eighth Circuit.
July 22, 1927.

No. 7746.

1. Release 🔑16, 17(2)—Release of personal injury claim will be set aside for fraud or mutual mistake.

Release of personal injury claim will be set aside for fraud or mutual mistake which induced its execution.

2. Evidence 🔑433(1), 434(15)—Parol evidence is admissible to show release of personal injury claim was induced by fraud or mutual mistake.

Parol evidence is admissible to show that release of personal injury claim was induced by fraud or mutual mistake.

3. Appeal and error 🔑1039(4)—Failure to plead or tender repayment of consideration for releases of personal injury claim before suing held immaterial, where decree provided for cancellation of releases on repayment or tender.

Where decree provided for cancellation of releases of employee's personal injury claim on ground of fraud or mutual mistake on employee's repayment or tender to employer of consideration received for releases, employee's failure to plead or to make tender of such consideration before commencement of action was immaterial.

4. Release 🔑57(2)—To avoid release of personal injury claim, evidence of fraud or mutual mistake must be clear, unequivocal, and convincing.

To avoid release of personal injury claim against employer, evidence of fraud or mutual mistake must be clear, unequivocal, and convincing.

5. Release 🔑16, 17(2)—Release induced by employer's doctor's mistaken or fraudulent opinion as to permanency of injury held not binding.

Where employee signed releases of personal injury claims, relying on mistaken or fraudulent statements of employer's physician that his eyesight would not be permanently affected, and that he had mere granulated eyelids, he was not bound by release.

6. Appeal and error 🔑931(1), 1009(1)—Trial court's conclusions on fact issues in equity suit are presumptively correct, and will be disturbed only for clear and palpable mistake.

Conclusions of trial court on issues of fact in equity suit to set aside releases of personal injury claim for fraud or mutual mistake are presumptively correct, and should be disturbed only for clear and palpable mistake.

Appeal from the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Suit by Charles Albritton against the Lion Oil Refining Company. Judgment for plaintiff, and defendant appeals. Affirmed.

H. S. Yocum, of El Dorado, Ark. (J. K. Mahony, W. T. Saye, and J. N. Saye, all of El Dorado, Ark., on the brief), for appellant.

Pat McNalley and Jordan Sellers, both of El Dorado, Ark., for appellee.

Before KENYON, Circuit Judge, and MOLYNEAUX and JOHN B. SANBORN, District Judges.

KENYON, Circuit Judge. Appellee, an employé of appellant, brought suit in the state court, claiming damages for personal injury alleged to have been received while he was engaged in the service of appellant. The cause was removed to the United States District Court for the Western District of Arkansas. Appellant pleaded as one of its defenses three separate releases given by appellee, each of which recited that for a certain consideration, therein mentioned, appellee released and discharged appellant from all claims for damages. Thereupon appellee amended his complaint, alleged fraud in the procurement of the releases, and asked their cancellation. The cause was transferred to the equity side of the docket to try this issue. Upon hearing the court canceled the releases and this appeal followed.

Parties will be designated as in the lower court. The court made certain findings of fact which may be briefly summarized as follows: That plaintiff, while a fireman in the employ of defendant, was burned on the face by a backfire from the furnace; that he was sent by defendant to Dr. J. G. Mitchell for treatment, who found that plaintiff's eyes had not been injured by the burn; that, relying upon the statements of the physician that his eyes were all right, plaintiff executed the releases to defendant on payment of small sums, being largely compensation for lost time; that from the testimony before the court it appeared the optic nerve of one of plaintiff's eyes was affected and his eyesight impaired; that Dr. Mitchell never examined the optic nerve; that the physician did not intend his statements should apply to the condition of the optic nerve, but that the same were understood by plaintiff to apply to any defects to his eyes. The twelfth and thirteenth findings of the court were as follows:

"(12) The releases cannot be sustained in equity, in view of the limited application of the physician's examination and opinion by which plaintiff was led to believe that there was nothing which could or would affect the sight of his eye.

"(13) Upon repayment to defendant, or tender to it by the plaintiff, of the sums received by him from defendant, a decree will be entered setting aside said releases."

These findings were of date October 4, 1926, and decree canceling the releases was entered October 25, 1926, conditioned upon repayment to the defendant of the considerations paid therefor, amounting in the aggregate to $67.60, and providing that upon repayment of the said sum the cause be transferred to the law side of the docket for further proceedings.

Defendant claims (a) that the court permitted the introduction of parol evidence to vary a written instrument; (b) that the case could not be maintained, because no tender is pleaded or shown as to the second and third releases; and (c) that the evidence is not so clear, unequivocal, and certain as to warrant canceling the releases. We consider the questions in above order.

[1, 2] It is not a situation, as we view it, where an attempt is made to vary a written instrument by parol. Indeed that question is not here. Plaintiff claims that the releases were secured by fraud, and that no contract of release really exists because of mutual mistake; that the minds of the parties never met on any settlement for injury to plaintiff's eyes. Certainly, if the releases were entered into through fraud or mutual mistake, they should be avoided, and the facts could, of course, be shown by parol evidence. In G. N. Ry. Co. v. Fowler (C. C. A.) 136 F. 118, 121, a very similar case to this, the court said: "A mutual mistake of fact, or an innocent misrepresentation of the facts of the releasor's injury, made by the releasee's physician, may be effective to avoid a release induced thereby."

[3] Tender was pleaded as to the first release, the consideration of which was payment of one-half time to plaintiff during the period of his supposed injury, which amounted to approximately $3. It is urged that the failure to plead or make tender as to the two other releases is fatal to the action. It seems to us that this question is not important, for the reason that due provision was made in the decree for a repayment or tender of what plaintiff had received. The court's conclusion was that, upon repayment to defendant, or tender to it by the plaintiff, of the sums received from defendant, a decree would be entered setting aside the releases. The decree itself provided that the releases would be canceled upon repayment to defendant of the consideration paid for the same, amounting in the aggregate to $67.60. This was

sufficient under · the circumstances of this case. Thackrah v. Haas, 119 U. S. 499, 7 S. Ct. 311, 30 L. Ed. 486; Gould v. Bank, 86 N. Y. 75; Paetz v. Stoppleman, 75 Wis. 510, 44 N. W. 834. If the question of want of tender as to two of the releases was fatal to the relief sought, the matter could have been raised by demurrer; but defendant did not see fit to do this, and in its brief states: "The complaint and amendments thereto were demurrable, but the appellant elected to meet the issue in a trial of the case." The proceeding being essentially an, equity one, the rights of all parties could be protected and adjusted, which was accomplished by the court's decree.

[4, 5] It is contended that the evidence was not sufficient, or of such character, as to warrant the action of the trial court in canceling the releases. The rule laid down by this court in C. & N. W. v. Wilcox, 116 F. 913, is that, to avoid releases of this nature, the proof must be clear, unequivocal, and convincing. The evidence here shows that plaintiff relied on the statements made to him by Dr. Mitchell. Dr. Mitchell was the agent of defendant. Plaintiff had the right to rely on what the physician, who occupied somewhat of a confidential relation to him, told him. The physician was under obligation to tell plaintiff the facts as he understood them. The defendant should not profit by any overreaching or misstatement on the part of its agent.

Dr. Mitchell testified he did not examine plaintiff as to any injury to the optic nerve. He told plaintiff there was nothing the matter with his eyes, except granulated lids; that he would soon be well, and that his sight would not be affected. Plaintiff visited him several times, and told him his sight was failing, and according to plaintiff's evidence Dr. Mitchell "told me this was imagination on my part, for there was nothing the matter with my sight; that I only had granulated eyelids, but that my sight would not be affected, and he stated that my eyes were too badly inflamed to test my vision." Plaintiff testifies he would not have settled for such a small sum, as the evidence shows he received, had he known his sight was affected, and would not have signed the releases, except for his reliance on the statement of Dr. Mitchell. Certainly the record shows that Dr. Mitchell held out to him the idea that there was nothing particularly the matter with his eyes, except granulated eyelids. If these statements were knowingly false, the releases were secured through fraud. If the statements were the honest belief of the doctor, and if plaintiff's eyes were in the condition he now claims, then there was a mutual mistake. In either case, equity can grant relief.

The releases executed by the plaintiff, relying on the advice received from Dr. Mitchell that his sight was not affected, if in fact it was, should not be a bar to the trial of the issues properly in this case. A case very similar to this where the release was identical to those here is F. Kiech Mfg. Co. v. James, 164 Ark. 137, 261· S. W. 24. The party there settled for his injury, relying on the statement and conclusion of the company's doctor. The doctor was mistaken, and the court says: "If he was in fact the company's physician in making the examination and in reporting the result thereof, then appellee was not bound by the release." In St. Louis, Iron Mountain & Southern Railway Co. v. Hambright, 87 Ark. 614, 113 S. W. 803, it was· held that, where the surgeon of a railroad company fraudulently represents to the injured employé that his injuries are slight and temporary, when they are serious and permanent, and thereby misleads him into signing a release of the railroad company from damages, such release is not binding. See, also, St. L., I. M. & S. R. Co. v. Reilly, 110 Ark. 182, 161 S. W. 1052; St. L., I. M. & S. R. Co. v. Morgan, 115 Ark. 529, 171 S. W. 1187; Griffin v. St. L., I. M. & S. R. Co., 121 Ark. 433, 181 S. W. 278; C., R. I. & P. Ry. Co. v. Smith, 128 Ark. 223, 193 S. W. 791.

[6] There is another reason requiring affirmance of this case, viz. that the conclusions of the trial court on the issues of fact in an action of this nature are presumptively correct, and should be disturbed only where there has been a clear and ·palpable mistake. Babcock v. De Mott (C. C. A.) 160 F. 882; 4 C. J. 898. This court held in Wilson· v. Sands, 231 F. 921, that the conclusion of the trial court in a suit to cancel a contract for settlement of personal injuries to a person on the ground of fraud or mistake based on oral testimony and depositions is presumptively correct and should be followed on appeal, "unless an obvious error is found to have occurred in the application of the law or a serious and important mistake made in the consideration of the proof." No· such error or mistake is here apparent.

The findings of the trial court are manifestly correct, and the judgment is affirmed.