## STAR CAN OPENER CO. v. ACE MFG. CO. et al.

Circuit Court of Appeals, Seventh Circuit. December 13, 1927.

No. 3837.

Patents ☞328—1,360,256 and 1,528,178, both for can openers, held not anticipated by prior art.

Anderson patents, Nos. 1,360,256 and 1,528,-178, both covering can openers, *held* not anticipated by Wolfer patent, No. 1,024,543, and German patent to Weigel, No. 282,768.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by the Star Can Opener Company against the Ace Manufacturing Company and others. Decree for defendants, and plaintiff appeals. Reversed, with directions.

Wallace R. Lane, of Chicago, Ill., and Stephen J. Cox, of New York City, for appellant.

Alexander C. Mabee, of Chicago, Ill., for appellees.

Before EVANS, PAGE, and ANDERSON, Circuit Judges.

EVAN A. EVANS, Circuit Judge. The two Anderson patents, Nos. 1,360,256 and 1,528,178, both covering can openers, are involved in this appeal. The District Court held both invalid. A contrary conclusion was reached by the New York District Court, and its decision was affirmed on appeal A statement of the facts, including claims and the prior art, appears in the opinion of the Circuit Court of Appeals. 16 F.(2d) 353. We refer to this opinion for a statement of the facts.

The District Judge reached his conclusion because of two prior art citations, the Wolfer patent, No. 1,024,543, and the German patent to Weigel, No. 282,768. The District Judge said: "Had Anderson been the first to have conceived such an instrument, his invention would doubtless be entitled to patent protection." With the field pre-empted by Weigel and Wolfer, he found no room for Anderson. Can we sustain this conclusion?

The extent to which the Wolfer and Weigel patents anticipated or restricted the field for Anderson depends somewhat upon our construction of language of the claims and the disclosures of the specifications and drawings of these two patents. They were, we think, intended to cover a can opener that cut down through the lid of the can. Basing our conclusion upon an examination of the

22 F.(2d)—62

two patents, as well as the demonstrations in open court, we conclude that:

(a) Neither intended to describe an implement that would cut through the wall of the can.

(b) Neither implement, constructed according to the disclosures of either patent, could be made to satisfactorily cut through the wall of the can.

(c) Anderson's implement was not anticipated by the prior art.

Whether the novelty representing Anderson's advance over the citations of prior art was more than mere mechanical skill presents a different question. Upon the entire record, we conclude that it does.

*Unfair Competition.*—The District Judge found that, aside from the question of patent infringement, the evidence failed to show that appellees were guilty of unfair trade practices. With this conclusion we agree.

The decree is reversed, with directions to the District Court to proceed further in accordance with the views here expressed.